UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FAJAH R. BENTLEY, SR.,

        Plaintiff,

    v.

LIVINGSTON COUNTY, LIVINGSTON
COUNTY'S SHERIFF'S
DEPARTMENT, INVESTIGATOR
SHAWN WHITFORD, DEPUTY
MICHAEL PHILLIPS, THOMAS J.
DOUGHERTY, and LIVINGSTON
COUNTY DISTRICT ATTORNEY
OFFICE,

        Defendants.

_____

26–CV–6653 (MAV)

ORDER

## INTRODUCTION

*Pro se* Plaintiff, Fajah R. Bentley, Sr., is currently confined at the Attica Correctional Facility. He filed a complaint asserting claims under 42 U.S.C. § 1983, ECF No. 1, but he did not pay the filing fee. Plaintiff submitted a signed authorization, but did not submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it). ECF No. 2.

As set forth below, the Clerk of Court shall administratively terminate this action. If Plaintiff wishes to reopen this case, he must notify the Court in writing **within 30 days of the date of this Order** and must include either (1) a complete

application to proceed *in forma pauperis* or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total).

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee.[1] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, under 28 U.S.C. § 1915.

### I. Requirements for *In Forma Pauperis* Application

The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. *See generally id*. Effective December 1, 2023, this fee was increased to $55.00. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.nywd.uscourts.gov/fee-schedule.

## A. Supporting Affidavit or Affirmation

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[4] that is designed to help *pro se* litigants (such as the Plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

## B. Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed. The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the court's form motion referred to above. In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).

---

[4] Available at http://www.nywd.uscourts.gov/pro-se-forms.

### C. Authorization Form

A prisoner seeking to proceed *in forma pauperis* also is required to submit a signed authorization form,[5] permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)–(4). In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)–(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

## II. Administrative Termination of this Action

Here, Plaintiff did not pay the $350.00 filing fee or the $55.00 administrative fee that ordinarily is required to commence a civil action. Plaintiff submitted a signed authorization, but he did not submit a complete motion to proceed *in forma pauperis*; including a supporting affidavit or affirmation and certification of his inmate trust

---

[5] Available at http://www.nywd.uscourts.gov/pro-se-forms.

4

fund account statement (or an institutional equivalent), *see* 28 U.S.C. § 1915(a)(1), (2). Therefore, the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee, as ordered below. As also ordered below, Plaintiff is granted leave to reopen this action no later than 30 days from the date of this Order.

### III. Deferment of Screening Under 28 U.S.C. §§ 1915(e)(2) & 1915A

The court is required to screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Because Plaintiff did not properly commence this action, this Court will defer the mandatory screening process until this case is reopened—if, in fact, it is reopened. If this action is reopened and then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will not be suspended, and the prisoner will not be permitted to obtain a refund of the filing fee or any part of it that already has been paid.

### ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff a form motion to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify this Court, in writing, no later than **30 days from the date of this Order**. This writing must include either (1) a complete motion to proceed *in forma pauperis* or (2) $405.00; and it is further

ORDERED that upon Plaintiff's submission of either (1) a complete motion to proceed *in forma pauperis* or (2) $405.00, the Clerk of Court shall reopen this case without further order.

SO ORDERED.

Dated:     June __26__, 2026
           Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge